**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Collins, et al., | No. CV-23-01440-PHX-DLR |
| Plaintiffs, | **ORDER** |
| v. | |
| City of Phoenix, et al., | |
| Defendants. | |

Before the Court is Defendants' City of Phoenix and Lori Bays motion to limit scope of discovery. (Doc. 60.) Defendants' "motion is narrowly tailored, requesting that the Court preclude plaintiffs from engaging in discovery on the issue of whether statements made by then-Chief of Police Jeri Williams and then-City Manager Edward Zuercher were false." (Doc. 62 at 5.) The motion is fully briefed. (Docs. 61; 62.) For the reasons set forth herein, the Court grants the motion.

Defendants' motion centers on the relevance of discovery into statements which they argue will not be admissible because of a prior ruling in state court. In a related state-court case involving these same parties, the state court decided, as a matter of law, that certain statements allegedly made by Williams and Zuercher were either true and/or did not refer to Plaintiffs. (See Doc. 60-1 at 26–41.) Defendants argue that the doctrine of issue preclusion or collateral estoppel precludes Plaintiffs from relitigating the veracity of those statements, and thus discovery about those statements would be "wasteful,

unnecessary, and disproportionate to the needs of the case[.]" (Doc. 60 at 14.)

Rule 26(b) of the Federal Rules of Civil Procedure sets out the limits and scope of discovery. It provides that the scope of discovery is "any nonprivileged matter that is relevant to any party's claim or defense[.]" Fed. R. Civ. P. 26(b). Plaintiffs' response does not dispute the findings made in the state court nor the finality of those findings. Rather Plaintiffs argue the merits of their due process claim. Plaintiffs point out that the theory of liability advanced in this case, a violation of due process, is different from the theory advanced in the state court case, defamation. (*See* Doc. 61 at 2.) However, Plaintiffs' response does not address how there could be any fact relevant to this case to be discovered by exploring whether the statements were false. Based on the record and the briefs, discovery into the truth or falsity of statements of Williams and Zuercher is not relevant to any party's claim or defense.

**IT IS ORDERED** that Defendants' motion to limit scope of discovery (Doc. 60) is **GRANTED**.

Dated this 6th day of February, 2025.

Douglas L. Rayes
Senior United States District Judge

- 2 -